Nathaniel Clark (SBN 276621)
*nathaniel.h.clark@gmail.com*
Seaton Tsai (SBN 271408)
*seaton.tsai@gmail.com*
444 So. Flower Street, Suite # 2300
Los Angeles, California 90071
Telephone: (626) 673-5180
*ATTORNEYS FOR PLAINTIFF REBECCA HUNTER*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

REBECCA HUNTER, an individual,

Plaintiff,

vs.

SYNCHRONY BANK; SYNCHRONY LENDING, INC.; and DOES 1-10,

Defendants.

CASE NO.

**COMPLAINT FOR (1)VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*; 47 C.F.R. § 64.1200 *ET SEQ.*;**
**(2) NATIONAL DO NOT CALL LIST VIOLATION; 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2);**
**(3)FAILURE TO IDENTIFY; 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(1);**
**(4) FAILURE TO PROVIDE OPT-OUT; 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(2)-(3);**
**(5) TELEMARKETING WITHOUT PRIOR EXPRESS WRITTEN CONSENT; 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(a)(2)**

**JURY TRIAL DEMANDED**

Plaintiff Rebecca Hunter ("Plaintiff") alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of Synchrony Bank, and other defendants presently unknown ("Defendants"), in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal statutory rights, and invading her right to privacy, without her express written, implied, and/or oral consent, despite Plaintiff's registration of her phone number on the National Do Not Call List at all times. All calls made by Defendants were for telemarketing purposes and in violation of the provisions of 47 C.F.R. § 64.1200, *et seq.*

2. Congress enacted the Telephone Consumer Protection Act in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1] Today, over 91% of American adults own cellular phones.[2] Over 39% of adults live in wireless *only* homes with no landline.[3]

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id.* at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.

[2] *See*, http://www.pewresearch.org/fact-tank/2013/06/06/cell-phone-ownership-hits-91-of-adults.

[3] *See*, http://www.cdc.gov/nchs/data/nhis/earlyrelease/wireless201407.pdf

3. The TCPA specifically prohibits the use of automatic dialing machines to contact consumers on their cellular phones without the express prior consent of the called party. (47 U.S.C. § 227(b), *et seq.*) The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (*Ibid.*)

4. The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to document and avoid calls to the wrong party and provide appropriate consumer opt-out methods to prevent future calls. (47 C.F.R. § 64.1200, *et seq.*)

5. Defendants knowingly and willfully caused an autodialer to dial Plaintiff's cellular phone and/or used a pre-recorded voice message in telephone calls to Plaintiff's cellular phone, and failed to comply with the regulatory scheme under 47 C.F.R. § 64.1200, *et seq.*, throughout the four years prior to the filing of this Complaint.

6. Defendants dialed Plaintiff's cellular phone using the number 800-641-4526, on approximately seven occasions between March and April of 2015, including March 26, 2015 and March 27, 2015.

7. Plaintiff never consented, either implicitly or explicitly, to be contacted by Defendants in any form, let alone through the use of an automatic dialer and/or pre-recorded voice message for telemarketing purposes.

8. At all times, Plaintiff's number was registered in the National Do Not Call (DNC) list.

9. Defendants further violated the TCPA by failing to comply with its requirement that telemarketers must identify the calling

entity and that whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:

> (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number or any other number for which charges exceed local or long distance transmission charges, and
>
> (B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. (47 C.F.R. § 64.1200.)

10. Defendants further violated the TCPA by failing to institute procedures to document calls to the wrong party and to provide consumer opt-out options to prevent future calls. (47 C.F.R. § 64.1200(a)(i), *et seq.*)

11. Plaintiff does not have a business relationship with Defendants under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that excuses Defendants from the above-described violations of the TCPA and never agreed to be contacted by Defendants with an autodialer or pre-recorded voice message.

12. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A) and were made for telemarketing purposes.

13. All pre-recorded voice messages were "artificial or prerecorded voice[s]" under the meaning of 47 U.S.C. § 227(b)(1)(A).

14. Plaintiff is entitled to statutory damages for Defendants' willful and repeated use of automated dialing systems and/or pre-recorded voice messages to dial Plaintiff's cellular phone for telemarketing purposes without her consent.

15. Plaintiff is entitled to statutory damages for each and every violation, regardless of whether Defendants committed multiple violations within a single phone call.

## JURISDICTION

16. This Court has federal question jurisdiction because this case arises out of Defendants' violations of the TCPA upon Plaintiff.

17. Venue is proper because Plaintiff, at the time of the violation, resided and was present in this judicial district, in which Defendants also currently conduct business and have availed themselves to jurisdiction by knowingly and/or willfully violating the TCPA within this judicial district by contacting Plaintiff on her cellular phone.

## PARTIES

18. Plaintiff is a natural person who resided in Los Angeles County at the time of the violations.

19. Defendant Synchrony Bank and Defendant Synchrony Lending, Inc., are Utah corporations that have availed themselves to the jurisdiction of California and this Court by virtue of their local,

international, and online business operations and by transmitting telephone calls that violate the TCPA to Plaintiff's cellular phone while she resided in Los Angeles. Moreover, Defendants are registered with the California Secretary of State.

20. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

21. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## FIRST CAUSE OF ACTION

***Violations of the Telephone Consumer Protection Act***

**47 U.S.C. § 227 *et seq.*; 47 C.F.R. § 64.1200 *et seq.***

22. Plaintiff repeats and incorporates by reference into this cause of action each and every allegations set forth in the complaint.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 *et seq*.

24. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

> "Restrictions on use of automated telephone equipment
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express

> consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> . . .
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);
>
> (47 U.S.C.A. § 227(b).)

25. Defendants further violated the TCPA by effectuating telemarketing calls to Plaintiff's "residential telephone" under the meaning of 47 C.F.R. § 64.1200(c)-(d). Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

## SECOND CAUSE OF ACTION

### *Do-Not Call List Violation*

### 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)

26. Plaintiff repeats and incorporates by reference into this cause of action each and every allegations set forth in the complaint.

27. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call

Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq*.)

28. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c), plus actual damages according to proof.

## THIRD CAUSE OF ACTION

### *Failure to Identify Calling Party*

### 47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(1)

29. Plaintiff repeats and incorporates by reference into this cause of action each and every allegations set forth in the complaint.

30. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq*.) Defendants thus violated the TCPA by calling Plaintiff despite her registration on the Do Not Call List at all times. (47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(1).)

31. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every

violation, pursuant to 47 U.S.C. § 227 *et seq.*, plus actual damages according to proof.

## FOURTH CAUSE OF ACTION

***Failure to Provide Opt-Out Mechanism***

**47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(2)-(3)**

32. Plaintiff repeats and incorporates by reference into this cause of action each and every allegations set forth in the complaint.

33. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. (47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(b)(2)-(3).) Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq.*)

34. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq*. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*, plus actual damages according to proof.

## FIFTH CAUSE OF ACTION

***Telemarketing Without Prior Express Written Consent***

**47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(a)(2)**

35. Plaintiff repeats and incorporates by reference into this cause of action each and every allegations set forth in the complaint.

36. Defendants further violated the TCPA by dialing Plaintiff for telemarketing purposes without Plaintiff's prior express written consent. (47 U.S.C. § 227(b)(3); 47 C.F.R. § 64.1200(a)(2).) Defendants

do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200 *et seq.*)

37. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.* As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*, plus actual damages according to proof.

## PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

I. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to and requests $500 in statutory damages per violation, or $1500 in statutory damages per violations that were at least willful or knowingly committed;

II. For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

III. For actual damages according to proof;

IV. For costs;

V. And for any other relief that the Court deems just.

October 13, 2015

By */s/*Nathaniel Clark**

Nathaniel Clark, Esq.
Seaton Tsai, Esq.
*ATTORNEYS FOR PLAINTIFF REBECCA HUNTER*